State, Plaintiff-Appellee, *v.* Cunningham, Defendant-Appellant.

Ohio Appeals, Seventh District, Columbiana County.

No. 794.   Decided April 26, 1960.

*Mr. G. William Brokaw*, for plaintiff-appellee.
*Mr. Hugo Alexander*, for defendant-appellant.

*Per Curiam.* Defendant, a member of the police department of the city of East Liverpool, was indicted, tried and convicted of violating Section 2917.05, Revised Code. The indictment recites that defendant did on or about November 9, 1958, "with intent to corrupt a juror, to-wit: Donald Lockhart, before and after he had been summoned for jury service" * * * "and with intent to influence said Donald Lockhart to return a verdict of not guilty in favor of said Ira Cunningham" * * * "promise and offer to give said Donald Lockhart money to so influence him."

The evidence is well known to the trial court, counsel and members of this court, and no extensive recitation of the facts is necessary, save as recited in the disposition of the separate assignments of error.

As assignments of error defendant claims:—

"1. Error by the court in overruling this appellant's motions for a directed verdict of 'not guilty' at the close of the evidence in chief by the state, and at the close of all the evidence in the case.

"2. That the verdict of the jury is not sustained by sufficient evidence.

"3. That the verdict of the jury is contrary to law.

"4. Error by the court in its charge to the jury.

"5. Other errors apparent on face of the record."

We cannot charge the trial judge with error prejudicial

to defendant in overruling defendant's motions for a directed verdict of "not guilty" at the close of the evidence in chief by the state, and at the close of all the evidence in the case on the ground that the state failed to produce testimony to comply with the legal requirements of the statute in so far as to some of the important elements of the offense, as the evidence rightly should have gone to the jury under proper instructions from the trial judge.

Defendant contends that the jury's verdict of guilty was not sustained by sufficient evidence to establish guilt beyond a reasonable doubt in view of the statements admittedly made by defendant to Donald Lockhart on several occasions that he, Donald Lockhart, could not be a juror; and that such statements standing uncontradicted and undisputed are alone sufficient to cast enough doubt as to guilt that the verdict of guilty should not stand.

Defendant argues:—

"As a second proposition the jury was instructed as a matter of law that Donald Lockhart was summoned as a juror. Yet the evidence did not substantiate this to be a fact. The court argued that whether the Jury Commissioners intended that the persons summoned as Donald Lockwood was in fact Donald Lockhart was a question of fact. Evidence was introduced as to the possible existence of others with the same or similar names. Yet the jury was not called upon to determine this fact. In view of the great dissimilarity in the last name as revealed by the evidence, we contend that such testimony regardless of the court's instructions, could not support the verdict of the jury."

Having read the evidence in its entirety, with which all of the parties are acquainted, what more can we say than that we find no error in the respects assigned in this claimed ground of error.

Defendant charges the trial judge with "some of the most glaring errors" in their "humble opinion":—

"First: The court sought to interpret the facts for the jury and took away from them, by his assertions as to the conclusions to be drawn from the facts, their right to be the sole judge in this respect.

"For example the court commented in numerous instances as to the nature of the evidence:

" 'There is evidence that there was no person by the name of Donald Lockwood at that address. There is evidence that there was no person by the name of Donald Lockwood living in East Liverpool. There is no evidence that there was any person by the name of Donald Lockwood living anywhere in Columbiana County.'

"This language by the court puts the burden of proof upon the appellant to prove that there were others in either East Liverpool or Columbiana County by the name of Donald Lockwood. The state had to prove whether or not Donald Lockhart was a juror and legally summoned as such. No burden is cast upon the defendant to answer in kind. The jury must be free to determine whether the state or appellee has offered proof beyond a reasonable doubt in this respect."

At page 191 of the record the court stated:—

" A name is a word or words used to distinguish and identify a person. A name is used merely as one method of indicating the indentity of a person. The identity is the essential thing."

At page 192 the court stated:—

"When the original summons was issued to Donald Lockwood at 910 McKinnon Avenue, East Liverpool, Ohio, it raised a rebuttable presumption that there was a person by that name at that address. When it appeared that there was no person by that name at that address the above presumption was rebutted.

"It then became a question who was the actual person intended?

"Donald Lockhart, or anyone else who knew the circumstances, could have assumed that Donald Lockhart was the person intended; and Donald Lockhart could have reported for jury service on November 10th, and, unless challenged for misnomer or some other reason, could have served as a juror. He chose, however, to return the summons. This was his right."

Defendant argues this language took away from the jury the question not only of passing upon the actions of Donald Lockhart, but also took away from the appellant the right to have the jury determine his motives and intent in the light

of the actions of Donald Lockhart; and that in other words the court meant that either Lockhart, or any other person, "could have assumed that Donald Lockhart was the person intended."

Defendant contends the court did not instruct the jury to determine the facts in the light of what this appellant actually thought under the circumstances; that what others might have or could have assumed was not the proper test; and that the court practically told the jury that if others could have so assumed then ipso facto the appellant must have or should have done likewise; and that the court further confounded the issue by arguing that Donald Lockhart could have chosen to return the summons and "emphatically" told the jury that he "was summoned and he did report for duty."

It is argued also in both brief and oral arguments that the court stated an incorrect statement of law when it said in substance that if the jury found defendant offered something to Lockhart they could infer from such offer that defendant believed Lockhart might be selected as a juror; and that to instruct the jury that they could draw an inference from a single fact, disregarding all the attending facts and circumstances which might or could lead to other conclusions is erroneous; and that to allow the jury to convict on this paragraph alone is contrary to good law.

Upon objection by defendant the court recalled the jury to the courtroom and instructed them as follows:—

"Now, in this case, there being the first summons that was sent to the rooming place where Donald Lockhart was staying; since that was addressed not to Donald Lockhart but to Donald Lockwood the state must prove that at the time it claims that Ira Cunningham made the offer of money to Donald Lockhart, the state must prove that Ira Cunningham believed that Donald Lockhart either had been summoned or would be summoned as a juror in the case in which he, Ira Cunningham, was a defendant."

A careful reading of the entire charge of the court from start to finish, including the additional instructions given at the request of defendant, convinces us that this charge was fair and impartial.

Section 2917.05, Revised Code, provides:—

"No person, with intent to corrupt a juror, or to influence

him with respect to the discharge of his duty, either before or after he is summoned, appointed, or sworn, shall promise, offer, or give away any valuable thing. * * *.''

Plaintiff contends that Lockhart most certainly was a juror, even though through a typographical error his name was listed as Lockwood; that he was personally served prior to the start of the trial in question under the name of Lockhart, and therefore there can be no question but that he was a juror; and inquires why would defendant make an offer to bribe Lockhart unless he believed he was a juror.

Plaintiff further contends that Lockhart was in fact a prospective juror; that defendant offered him money, having the intention of corrupting him and to influence him with respect to the discharge of his duty before and after he was summoned; and that the matter was fairly and properly submitted to a jury and the jury returned a verdict of guilty.

The verdict of the jury is not contrary to law, and appellant's counsel has failed to call our attention to ''other errors apparent on the face of the record,'' as alleged as a ground of error, or to comply in respect thereto with the provisions of Rule VII of this court that his briefs ''shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as may be necessary to show how the questions arise, together with a statement of the authorities relied upon. Accordingly we will not pass upon this assigned ground of error.

Section 2945.83, Revised Code, among other things, provides that no ''judgment of conviction'' shall ''be reversed in any court because of:—

''(D) A misdirection of the jury unless the accused was or may have been prejudiced thereby;

''(E) Any other cause unless it appears affirmatively from the record that the accused was prejudiced thereby or was prevented from having a fair trial.''

Each of the assigned grounds of error has been disposed of separately, and after careful consideration, and having found no prejudicial error in the respects urged by plaintiff, the judgment of the court of common pleas is affirmed.

GRIFFITH, P. J., PHILLIPS and DONAHUE, JJ., concur.